*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION at CINCINNATI

| | | |
|---|---|---|
| IN RE: } | | CASE NO. 09-18376 |
| } | | |
| **MARK A. RUHSTALLER** } | | CHAPTER 13 |
| **TARA L. RUHSTALLER** } | | |
| } | | |
| DEBTORS } | | |

**DEBTOR'S MEMORANDUM IN SUPPORT OF THEIR
CHAPTER 13 PLAN AND APPLICATION TO CONFIRM**

**COME NOW MARK A. RUHSTALLER** and **TARA L. RUHSTALLER**, Debtors in the above-styled and numbered cause, and file this Memorandum in support of their Chapter 13 Plan and Application to Confirm and would respectfully show the Court as follows:

**I. THE FACTS**

Debtors are the owners of the real property located at 1169 Meadowknoll Court, Batavia, Clermont County, Ohio 45103 (hereinafter the "Property"). The Property is encumbered by two mortgages. Both the first and second mortgages are owned by Fifth Third Bank.

On December 17, 2009, the Debtors filed their Chapter 13 Petition commencing this action. On even date therewith, the Debtors filed their Chapter 13 Plan and an Appraisal of the Property. In a special, highlighted paragraph of the Debtors' Plan, they provided that Fifth Third Bank's second mortgage would be stripped by Confirmation of the Debtors' Plan as the second mortgage did not attach to equity. Specifically, the Plan states that the Claim of Fifth Third Bank, underlying the second mortgage, shall be treated as follows:

> **30. ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S)**
> A. Debtors are the owners of the residential real property located at 1169 Meadowknoll Court, Batavia, Clermont County, Ohio 45103 (hereinafter referred to as the "Real Property"). The Real Property has a Current Value of $159,000.00 as set forth in Debtor's Schedule A. The Real Property is encumbered by a First Mortgage in favor of Fifth Third Bank on which the

MEMORANDUM <span>Page 1 of 9</span>

> **Debtors owe more than the Current Value of the Real Property (hereinafter referred to as the "First Mortgage"). The Real Property is also encumbered by a Second Mortgage in favor of Fifth Third Bank (hereinafter referred to as "Fifth Third") on which the Debtors owe approximately $39,000.00 (hereinafter referred to as the "Second Mortgage"). The First Mortgage was recorded prior to and is higher in priority than the Second Mortgage. Therefore, the Second Mortgage shall be "stripped" by the Confirmation of this Plan as there is not equity for the Second Mortgage to attach. The debt owed to Fifth Third, underlying the Second Mortgage, shall, therefore, be paid as a general, unsecured, non-priority claim in accordance with the provisions of this Plan applicable to such claims and released upon discharge. If Fifth Third should fail to release the Second Mortgage of record, this confirmed Plan and the Discharge shall serve as a release of the Second Mortgage filed in the Records of the Recorder of Clermont County, Ohio on 04/26/2006 in Book 1972, Page 1295. For purposes of clarifying the record in this case, and the status of the Second Mortgage in the records of the Recorder of Clermont County, Ohio, the Debtor, through Counsel, shall file a motion to strip the Second Mortgage.**

*See* Debtors' Chapter 13 Plan and Application to Confirm, Doc. 6, Page 11.

On January 25, 2010, the Trustee conducted the required First Meeting of Creditors. No one from Fifth Third Bank, or its counsel, appeared at the Meeting or, otherwise, made any inquiries of the Debtors regarding the valuation of the Property or the Plan's treatment of Fifth Third Bank's second mortgage claim. Despite its failure to attend the First Meeting of Creditors, on the same day Fifth Third Bank filed an objection to the confirmation of the Debtors' Chapter 13 Plan. As stated in the Objection itself:

> The basis for Fifth Third's objection is the attempt to avoid the second mortgage lien, "strip", the second mortgage of Creditor on the real property known as 1169 Meadowknoll Court, Batavia, OH 45103.

*See* Fifth Third Bank's Objection to Confirmation, Doc. 19, Page 1. The Objection goes on to state that the "Debtors' proposed plan lists Creditor as unsecured and contains language that attempts to avoid the second mortgage lien of Fifth Third Bank." *Id.* at Page 2.

On February 23, 2010, this Court conducted the Confirmation Hearing on the Debtors' Chapter 13 Plan in this case. Despite having acknowledged, in their Objection to Confirmation, the

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

manner in which the Debtors' Plan treated the Fifth Third Bank second mortgage claim, Fifth Third appeared at the Hearing without any evidence or witnesses in support of its objection. Moreover, it failed to file a Witness List, failed to file an Exhibit List and further failed to file a Motion for Continuance of the Confirmation Hearing or, otherwise, notify the Court that it was not prepared to proceed. Instead, Fifth Third showed up at the Hearing to inform the Court that it had been denied Due Process because a wholly unsecured mortgage can only be stripped off by way of a separate Motion filed contemporaneously with the Debtors' Plan.

## II. THE LEGAL ISSUES INVOLVED

The only legal issue in this case is whether the claim, of a holder of a wholly unsecured mortgage, may be modified by the terms of a Debtor's Chapter 13 Plan or if a separate Motion must be filed in addition to the Chapter 13 Plan.

## III. THE LAW

There are two seminal opinions, in this jurisdiction, which control the outcome in this case. The first is *In re Lane* (6th Cir. 2002), 280 F.3d 663. In *Lane*, the United States Court of Appeals for the Sixth Circuit held that a wholly unsecured mortgage can be stripped by confirmation of a Chapter 13 Plan. *Id.* Near the end of its decision, the Sixth Circuit summarized its holding, and the procedural process of stripping a wholly unsecured mortgage, as follows:

 The message, to recapitulate, is this:

 - Section 1322(b)(2) prohibits modification of the rights of a holder of a secured claim if the security consists of a lien on the debtor's principal residence;

 - Section 1322(b)(2) permits modification of the rights of an unsecured claimholder;

 - Whether a lien claimant is the holder of a "secured claim" or an "unsecured claim" depends, thanks to § 506(a), on whether the claimant's security interest has any actual "value;"

**MEMORANDUM** Page 3 of 9

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

- If a claimant's lien on the debtor's homestead has a positive value, no matter how small in relation to the total claim, the claimant holds a "secured claim" and the claimant's contractual rights under the loan documents are not subject to modification by the Chapter 13 plan;

- If a claimant's lien on the debtor's homestead has no value at all, on the other hand, the claimant holds an "unsecured claim" and the claimant's contractual rights are subject to modification **BY THE PLAN.**

*In re Lane*, 280 F.3d at 669 **(Emphasis Added)**.

The second controlling opinion is *In re Hill*, 304 B.R. 800 ((Bankr.S.D.Ohio 2003) which was decided by this very Court. In *Hill*, this Court was confronted with a Creditor who failed to object to a Chapter 13 Plan which stripped its wholly unsecured mortgage. When the Debtor subsequently filed a Motion to Strip the Mortgage, the Creditor filed an objection and argued that the Debtor could not strip a wholly unsecured mortgage by the provisions in a Chapter 13 Plan. Instead, the Creditor argued that the only way to strip a wholly unsecured mortgage was through an adversary proceeding.

Obviously, the *Hill* decision embraced and incorporated the holding of the Sixth Circuit in *In re Lane*, but it also went a step further. It held that a second mortgage could not only be stripped by the confirmation process but that, in essence, the confirmation process was the only process by which such a claim could be modified. In so holding, the *Hill* Court stated as follows

> Section 1327(c) is the linchpin of the management of secured claims through a Chapter 13 plan. It is the section that implements at confirmation the powers exercised by the debtor to deal with lienholders. Modification of secured claims under § 1322(b)(2) and cramdown of secured claims under § 1325(a)(5) define the rights of lienholders after confirmation because of the free and clear effect in § 1327(c).....Because § 1327(c), effective only upon confirmation, is the sole statutory provision by which a Chapter 13 debtor can avoid a lien to the extent that the lienholder does not possess a secured claim under § 506(a), this Court concludes that an adversary proceeding is not required to avoid a wholly unsecured mortgage.

*In re Hill*, 304 B.R. 800, 804 (citations omitted).

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

## IV. ARGUMENT

In its Objection to Confirmation, Fifth Third Bank acknowledged that it received notice of the Debtors' Chapter 13 Plan and the manner in which its claim was treated therein. *See* Fifth Third Bank's Objection to Confirmation, Doc. 19, Page 2. In its Memorandum filed in opposition to the confirmation of the Debtors' Plan, Fifth Third acknowledged that "a debtor can strip a wholly unsecured junior mortgage lien though a provision in their Chp. 13 plan." *See* Fifth Third Bank's Memorandum in Opposition to Confirmation, Doc. 26, Page 2. In its Memorandum, Fifth Third further acknowledged that valuation is determined at confirmation, stating that "[t]he confirmation process, as stated in *Hill*, has a *res judicata* effect on provisions contained in the debtors' plan, including the value of real property for purposes of avoiding a second mortgage." *Id.*

Despite its knowledge of the treatment it was receiving in the Debtors' Chapter 13 Plan and that the confirmation process would determine the issues raised in its Objection, Fifth Third Bank argues that it was denied Due Process because the Debtors did not file a motion to strip the lien which motion Fifth Third Bank says is mandatory before a wholly unsecured mortgage can be avoided. In support of this legal conclusion, Fifth Third states, in its Memorandum, that:

> After the *Hill* decision was rendered, Judge Stosberg issued an opinion in the W.D. of Kentucky, *In re Bennett*, 312 B.R. 843 (Bankr. W.D.Ky 2004). In the *Bennett* matter, the court ruled that a wholly unsecured junior mortgage lien can be stripped through plan language as long as a motion to strip same is filed contemporaneously with the plan or prior to confirmation. This process eliminates any due process concerns as it affords the necessary notice to the creditor and it also does not undermine the confirmation process as the value is set through the motion and then adopted at confirmation.

*See* Fifth Third Bank's Memorandum in Opposition to Confirmation, Doc. 26, Page 3.

Fifth Third Bank's arguments, however, have some serious flaws. First, and most obvious, this case isn't in the Western District of Kentucky and Judge Stosberg isn't hearing the case. Second, and most important, *Bennett* does not comport with the holding of the Sixth Circuit in *Lane*, this

Court's holding in *Hill* and it doesn't comport with the plain meaning of the relevant sections of the Bankruptcy Code. Third, and most troubling, Fifth Third Bank admits that it (1) received notice of the Debtors' Plan, (2) had knowledge of how the Plan treated its claim, (3) knew that an unsecured mortgage could be avoided by confirmation, (4) knew that valuation was determined at Confirmation and (5) appeared at the Confirmation Hearing without any evidence or witnesses not even the Realtor who provided the Broker's Price Opinion, which was attached as an Exhibit to Fifth Third's Objection to Confirmation, and was prepared by the Realtor on January 7, 2010 some 46 days before the Confirmation Hearing.

In a nutshell, the case law and the relevant sections of the Bankruptcy Code answer the three pertinent questions of (1) Can a certain mortgage be avoided?; (2) When must that determination be made?; and (3) Through what process must that determination be made?

As stated in *Lane*, the question of whether a mortgage, encumbering a Debtor's residence, can be modified, is based upon a determination of whether the claim, underlying the mortgage, constitutes a secured claim or an unsecured claim as defined by 11 U.S.C. §506(a). If the claim is secured, even in part, it cannot be modified due to the protections of 11 U.S.C. § 1322(b)(2). If, on the other hand, no equity exists to which the mortgage can attach, it constitutes solely an unsecured claim and can be modified pursuant to 11 U.S.C. § 1322(b)(2) just as any other unsecured claim can be modified.

As for when the determination of value, on which the answer to the first question is based, must be made, § 506(a) leaves no doubt. It specifically provides that the question of value is to be determined, not at a hearing on a Motion to Avoid a Lien, but at the Confirmation Hearing.

Finally, the question, of what process effects the avoidance of a wholly unsecured mortgage, seems to be the easiest to answer. In fact, in a Chapter 13 case, there is, to the knowledge of the Debtors, no other way, other than through the confirmation process, to modify an unsecured claim.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**MEMORANDUM** Page 6 of 9

The fact that confirmation is the only way to effect the avoidance of a wholly unsecured mortgage is supported by *Lane* which held, as set forth above, that the modification of an unsecured mortgage claim is achieved "by **THE PLAN."** *In re Lane*, 280 F.3d @ 669 (**Emphasis Added**). It is also supported by *Hill*, which pointed out that the contents of a Chapter 13 are made effective only upon confirmation by operation of § 1327. There is quite simply no other mechanism, other than confirmation, which provides for the modification of an unsecured claim.

As for fifth Third's argument that a separate Motion is required to avoid a wholly unsecured mortgage, there is nothing in the Bankruptcy Code which provides for the filing of a Motion to modify the rights of an unsecured creditor. To the contrary, as set forth herein, the Bankruptcy Code specifically provides that the only way to modify an unsecured claim in a Chapter 13 case is through the confirmation process.

Last, but not least, Fifth Third's argument, that, in order to comport with Due Process requirements, a separate motion to avoid a wholly unsecured mortgage must be filed in addition to the service of the Debtor's Plan, is absurd. Such a holding would, in effect, require Debtors to file a separate motion to modify each and every unsecured claim involved in their case. Such a Motion is not even required to modify the rights of secured creditors such as those whose claims are crammed down. Certainly, it cannot be required to modify the claims of unsecured creditors. And, regardless of how Fifth Third may classify itself, it is, in this case, nothing more than an unsecured creditor. Finally, there can be no argument that Fifth Third had notice of the Debtors' Plan and had more than sufficient time to defend its interests in this case.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**MEMORANDUM** Page 7 of 9

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

## V. <u>PRAYER</u>

**WHEREFORE**, Debtors respectfully pray that the Court will overrule the Objection to Confirmation filed by fifth Third Bank, enter an Order Confirming their Chapter 13 Plan together with all such further relief to which the may be entitled.

    Respectfully submitted,

    /s/ Gregory M. Wetherall
    _____
    GREGORY M. WETHERALL
    Attorney for Debtors
    OH. Reg. 0067307
    4030 Mt. Carmel-Tobasco Road, Suite 122
    Cincinnati, Ohio 45255
    (513) 528-0200 Telephone
    (513) 528-1762 Telecopier
    Email: gmw@gw-law.net

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Office of the United States Trustee
CBLD Building, Suite 2050
36 East Seventh Street
Cincinnati, Ohio 45202

Ms. Margaret A. Burks, Esq.
Chapter 13 Trustee
36 East Fourth Street, Suite 700
Cincinnati, Ohio 45202

Mr. Rasheed A. Simmonds, Esq.
Attorney for Creditor Fifth Third Bank
One Financial Way, Suite 312
Cincinnati, Ohio 45242

/s/ Gregory M. Wetherall
_____
GREGORY M. WETHERALL
Attorney for Debtors

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**MEMORANDUM** Page 9 of 9